NOT DESIGNATED FOR PUBLICATION

No. 115,230

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

FRANKIE EUGENE BUIE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; J. DEXTER BURDETTE, judge. Opinion filed February 3, 2017. Affirmed.

*Craig A. Lubow*, of Kansas City, for appellant.

*Edmond Brancart*, chief deputy district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., POWELL, J., and HEBERT, S.J.

*Per Curiam*: In April 2010, Frankie Eugene Buie was convicted by a jury of aggravated robbery. Upon direct appeal of his conviction, this court rejected Buie's claims that his speedy trial rights had been violated and the trial court had given an erroneous jury instruction. However, this court held that the district court erred in not requiring the State to provide race-neutral explanations for the preemptory strikes of four jurors which Buie had questioned. The case was remanded with directions for the district court to conduct a hearing pursuant to *Batson v. Kentucky,* 476 U.S. 79, 106 S. Ct. 1712, 990 L. Ed. 2d 69 (1986). See *State v. Buie,* No. 106,156, 2013 WL 678219, at *7-9 (Kan. App. 2013) (unpublished opinion), *rev. denied* 297 Kan. 1248 (2013).

1

The hearing on remand took place in March 2014, with the same trial judge and prosecutor but with a new lawyer for Buie. Although the trial judge and the prosecutor again expressed misgivings regarding the sufficiency of Buie's original motion to invoke the *Batson* rules for requiring race-neutral explanations of the State's preemptory strikes, the court proceeded to conduct a hearing pursuant to the remand mandate.

The State presented its rationale for each of the four strikes challenged by Buie. Buie's counsel then argued that those reasons were insufficient. The district court ruled that each of the State's proffered explanations were sufficient to overcome Buie's allegations of racial discrimination and denied the *Batson* challenges. Buie timely appealed from this ruling.

*The District Court Reasonably Concluded that the Prosecutor's Peremptory Strikes Were Not Racially Motivated.*

Buie argues on appeal that the district court abused its discretion when it concluded that the State's race-neutral reasons were sufficient to overcome his challenge alleging that the prosecutor struck four potential jurors based on racial discrimination.

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution bars racial discrimination in jury selection, including when a party exercises its peremptory challenges to potential jurors. *State v. Dupree*, 304 Kan. 43, 57, 371 P.3d 862 (2016); *State v. Kettler,* 299 Kan. 448, 461-62, 325 P.3d 1075 (2014). This means that although a party can generally use peremptory strikes to remove a certain number of potential jurors for any reason, without providing those reasons to the court or anyone else, a party *cannot* exercise peremptory strikes based on a juror's race. When a party alleges that the other side's peremptory strike was racially motivated, it is called a "*Batson* challenge" because Kansas courts follow the guidelines that the United States Supreme Court set out in the case of *Batson v. Kentucky*, 476 U.S. 79. *Dupree*, 304 Kan.

2

at 57; see also *Foster v. Chatman*, 578 U.S. ___, 136 S. Ct. 1737, 1747, 195 L. Ed. 2d 1 (2016) (reaffirming *Batson* guidelines). A distinct standard of review governs each step of the analysis:

> "'First, the party challenging the strike must make a prima facie showing that the other party exercised a peremptory challenge on the basis of race. Appellate courts utilize plenary or unlimited review over this step. [Citation omitted.]
>
> "'Second, if a prima facie case is established, the burden shifts to the party exercising the strike to articulate a race-neutral reason for striking the prospective juror. This reason must be facially valid, but it does not need to be persuasive or plausible. The reason offered will be deemed race-neutral unless a discriminatory intent is inherent in the explanation. The opponent of the strike continues to bear the burden of persuasion. [Citation omitted.]
>
> "'Third, the trial court must determine whether the objecting party has carried the burden of proving purposeful discrimination. This step hinges on credibility determinations. "[U]sually there is limited evidence on the issue, and the best evidence is often the demeanor of the party exercising the challenge. As such, it falls within the trial court's province to decide, and that decision is reviewed under an abuse of discretion standard." [Citations omitted.]' *Kettler,* 299 Kan. at 461-62." *Dupree*, 304 Kan. at 57-58.

Here, the State first argues that Buie did not present a prima facie showing of racial discrimination. The State made this same argument in Buie's first appeal and in a motion to reconsider the decision in that appeal. See *Buie*, 2013 WL 678219, at *7-9. Under the law-of-the-case doctrine, an issue that has been previously decided by an appellate court should not be reconsidered in a subsequent appeal in the same case unless it is clearly erroneous or would cause some manifest injustice. *Venters v. Sellers*, 293 Kan. 87, 99, 261 P.3d 538 (2011) (quoting *State v. Collier*, 263 Kan. 629, Syl. ¶ 3, 952 P.2d 1326 [1998]). This court has previously decided this issue against the State, and the State has not pointed to any manifest injustice that has resulted or will result from following that earlier ruling. See *Buie*, 2013 WL 678219, at *7-9. This court need not address the State's argument on this issue—it is the law of the case that Buie presented a prima facie showing of racial discrimination.

Moving on to steps two and three—at the *Batson* hearing the prosecutor provided race-neutral reasons for each of the four challenged strikes, and Buie responded with reasons that the strikes were nonetheless discriminatory. Juror No. 24 was the prosecutor's second peremptory strike, and the prosecutor gave these reasons for the strike: The juror had been to the store where Buie's crime happened, the juror had been the victim of a burglary, and the juror may have had problems with literacy. Buie's lawyer pointed out that the prosecutor did not strike a white juror who had also been to the store. The judge noted that the prosecutor's statements matched his trial notes and found that the race-neutral reasons were valid. This decision was not unreasonable. It is true that "[i]f a prosecutor's proffered reason for striking a black panelist applies just as well to an otherwise-similar nonblack [panelist] who is permitted to serve, that is evidence tending to prove purposeful discrimination." *Miller-El v. Dretke*, 545 U.S. 231, 241, 125 S. Ct. 2317, 162 L. Ed. 2d 196 (2005); see *State v. Davis*, 37 Kan. App. 2d 650, 664, 155 P.3d 1207 (2007). But here, juror No. 24 had also been the victim of a crime and had literacy issues, which distinguished him from the white juror Buie's lawyer used for comparison.

The prosecutor struck juror No. 3 with his fourth peremptory strike. The prosecutor stated that he struck this juror because he had been inside the convenience store where Buie was arrested—a store (different from the store where Buie's crime took place) that is known for selling drug paraphernalia. Buie's lawyer argued that several non-African-American jurors with similar backgrounds to juror No. 3 were not struck, but the district court found that the prosecutor's race-neutral reason was valid. This decision was not unreasonable; the judge was free to accept the prosecutor's implication that he wanted to strike a juror who admitted to visiting a store that was connected to the crime and that also sold drug paraphernalia, and that particular reason did not apply to any of the jurors Buie's lawyer offered in comparison.

4

The prosecutor struck juror No. 9 with his fifth peremptory strike. For this juror, the prosecutor simply said that the juror did not have any of the attributes that he was looking for in jurors and that the juror expressed some hostility to being on a jury. Buie's lawyer again argued that some similar non-African-American jurors were not struck, and the district court again did not find that persuasive and accepted the prosecutor's race-neutral reason. It wasn't unreasonable for the district court to accept the prosecutor's determination that the juror appeared hostile to being on a jury, and Buie's lawyer did not suggest that the jurors he offered in comparison were similarly hostile.

The prosecutor struck juror No. 29 with his seventh peremptory strike, stating he struck this juror because he had been to the intersection where Buie was arrested and because he was 13 years younger than his wife, which he considered an unusual spousal age gap. Buie's lawyer noted one more time that other non-African-American jurors with similar characteristics were not struck and that the spousal age difference was "grasping for straws." But the district court did not find Buie's lawyer's argument persuasive and upheld the strike. Again, the district court's decision was not unreasonable; the prosecutor's reason only needs to be facially valid, not persuasive or plausible. See *Dupree*, 304 Kan. at 58. Buie's response to this race-neutral reason was particularly weak, and it was Buie's burden to persuade the judge that the strike was based on racial discrimination. See 304 Kan. at 58.

Additionally, the sequence of the strikes did not suggest a racial motive: the prosecutor did not use his first or last strike against an African-American, and he used only four of his nine peremptory strikes against African-Americans. The prosecutor had no history of or reputation for racial discrimination in jury selection. The judge stated that he had not noticed a pattern of discrimination in this trial or in any of the prosecutor's earlier trials. On these facts, the district court did not abuse its discretion in denying Buie's *Batson* challenge. The State provided facially valid race-neutral reasons for its

strikes, and a reasonable person could agree with the district court's conclusion that the four challenged peremptory strikes were not based on racial discrimination.

Buie makes two other arguments. First, he claims that *Foster*, 136 S. Ct. at 1754-55, a recent United States Supreme Court case, determines the outcome of this case. But in *Foster*, while the Court did find a *Batson* violation, it did so by reaffirming the *Batson* rules and applying them to very different factual circumstances in which the defendant presented compelling evidence of racial discrimination based on the prosecutors' trial notes. No such evidence exists here. Second, Buie argues that this court should require the prosecutor's race-neutral reasons to be both plausible and credible. But this court is duty-bound to follow the Kansas Supreme Court, which requires only that the race-neutral reasons be facially valid, not persuasive or plausible. *Dupree*, 304 Kan. at 58.

The judgment of the district court denying Buie's *Batson* challenge is affirmed, with the result that Buie's conviction is also upheld and affirmed.

Affirmed.